704 So.2d 282 (1997)
Richard LAY
v.
THE CITY OF SLIDELL thru Mayor Sam CARUSO; Lloyd Walters City Attorney.
No. 96 CA 2335.
Court of Appeal of Louisiana, First Circuit.
November 7, 1997.
Rehearing Denied January 8, 1998.
*283 Richard Lay, Angola, Pro Se, Plaintiff-Appellant.
Timothy Mathison, Slidell, for Defendant-Appellee.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
SHORTESS, Judge.
Richard Lay was arrested in 1992 in St. Tammany Parish during a police undercover operation known as "Operation Masquerade." He was convicted of possession of cocaine within 1,000 feet of school property,[1] a felony, and was sentenced to incarceration at hard labor. That conviction and sentence are now final.[2] Lay filed this action for a writ of mandamus, requesting the district court to order the City of Slidell, through its mayor and city attorney, to provide him, under the Louisiana public records laws, Louisiana Revised Statutes 44:1 through 44, with copies of "the arrest, investigative and follow-up reports... including affidavits in support of search/arrests," pertaining not only to himself, but to the additional thirty-one persons arrested during Operation Masquerade. The trial court ordered the City to provide Lay with copies of his own records but refused to order it to provide the additional documents Lay requested. Lay appeals.
Revised Statute 44:31 provides that "[e]xcept as otherwise provided in this Chapter... any person of the age of majority may... obtain a reproduction of any public record." Revised Statute 44:31.1 excludes from the definition of "person" in the public records laws "an individual in custody after sentence following a felony conviction who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post conviction relief under Code of Criminal Procedure Article 930.3." The sole issue before us is whether Revised Statute 44:31.1 prevents Lay from obtaining reproductions of public records.
Lay is "in custody after sentence following a felony conviction." He has exhausted his appellate remedies. He is not a "person" for purposes of the public records act if his request for public records is not limited to grounds upon which he could file for postconviction relief under Code of Criminal Procedure article 930.3. His stated purpose for obtaining these records is to find evidence city employees perjured themselves at his trial and to show the prosecutor suppressed exculpatory evidence in violation of Brady v. Maryland.[3] His claim that the prosecution witnesses lied is not a ground for postconviction relief under article 930.3. Furthermore, while a claim that specific Brady material was suppressed might constitute a ground for postconviction relief under article 930.3(1),[4] Lay failed to set forth any specific material allegedly suppressed. Instead, he seeks to embark on a fishing expedition through the records of thirty-one other persons. His request for public records is not limited to grounds for postconviction relief under article 930.3, and thus he is not a "person" entitled to public records.
Lay sought a writ of mandamus. A writ of mandamus is an extraordinary remedy whereby a public officer may be ordered to perform a ministerial duty required by law.[5] The City of Slidell, through its mayor and city attorney, had no duty, ministerial or otherwise, to provide the records Lay seeks.
*284 Thus, we affirm the judgment of the trial court at Lay's costs.[6]
AFFIRMED.
NOTES
[1] Lay was convicted under Louisiana Revised Statutes 40:967(C) and 40:981.3.
[2] Lay appealed, raising twenty-one assignments of error. This court found all but one of those assignments meritless. On his assignment that the trial court erred in proceeding to trial without a legal determination of his competency to proceed, we remanded for a sanity hearing, stating that if Lay was found competent, the conviction would be affirmed, reserving to Lay his right to appeal any issues that arose during the sanity hearing. State v. Lay, 96-1125 (La.App. 1st Cir. 2/14/97), 690 So.2d 1125 (unpublished). On May 28, 1997, the trial court found Lay was competent. We take judicial notice that he has not appealed that ruling to this court.
[3] 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215 (1963).
[4] That article provides for postconviction relief if the conviction was obtained in violation of the constitutions of the United States or the State of Louisiana.
[5] La.C.C.P. art. 3863.
[6] This court ordered the record supplemented with the trial court minutes of May 28, 1997, to show the results of the competency hearing. Lay filed a motion to strike the minute entry. The motion was referred to the merits and is hereby denied.